UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81485-CIV-CANNON/McCabe

NEUROSURGICAL CONSULTANTS OF
SOUTH FLORIDA, L.L.C.,

    Plaintiff,
v.

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND,

    Defendant.
_____/

ORDER ACCEPTING WITH CLARIFICATION
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Defendant Blue Cross & Blue Shield of Rhode Island's ("BCBSRI") Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [ECF No. 35]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 38]. On December 19, 2024, Judge McCabe issued a report recommending that the Motion be granted and that the Second Amended Complaint be dismissed without prejudice for lack of personal jurisdiction over Defendant (the "Report") [ECF No. 41]. The Court has reviewed the Report, Plaintiff's objections [ECF No. 42], Defendant's response to those objections [ECF No. 43], and the full record. Following careful review, for the reasons set forth below, the Report is **ACCEPTED IN PART** as set forth below; the Motion is **GRANTED**; and Plaintiff's Second Amended Complaint [ECF No. 34] is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

CASE NO. 23-81485-CIV-CANNON/McCabe

**REVEVANT BACKGROUND**[1]

This is an insurance reimbursement dispute between Plaintiff Neurosurgical Consultants of South Florida, L.L.C. ("NCSF"), a local medical provider, and Defendant Blue Cross & Blue Shield of Rhode Island, an insurance company [ECF No. 34]. Plaintiff NCSF is a Florida limited liability company and licensed medical provider with its principal place of business in Palm Beach County [ECF No. 34 ¶ 2]. NCSF serves as an out-of-network provider with Defendant BCBSRI [ECF No. 34 ¶ 2]. According to Plaintiff, BCBSRI is either an insurance company doing business in Palm Beach County and/or an entity licensed to do business in Palm Beach County, Florida, under Chapter 641, Florida Statutes (The Health Maintenance Act) [ECF No. 34 ¶ 3].

On September 1 and 2, 2021, NCSB provided emergency medical care to Patient, an individual insured by BCBSRI (but not a party to this action) [ECF No. 34 ¶ 8]. Patient's insurance policy with BCBSRI was in full force and effect when he received care from Plaintiff [ECF No. 34 ¶ 8]. NCSB charged Patient $262,500.00 for medical services rendered on September 1, 2021, and $202,500.00 for medical services on September 2, 2021 [ECF No. 34 ¶ 9]. NCSF says that BCBSRI has refused to reimburse it for these services and instead paid only $6,987.10 [ECF No. 34 ¶¶ 10, 12].

Based on these allegations, in September 2023, Plaintiff filed suit in state court and Defendant timely removed the action to this Court [ECF No. 1]. With leave of Court, Plaintiff filed its Amended Complaint in January 2024 [ECF No. 23]. The Court granted Defendant's motion to dismiss the Amended Complaint—finding no basis under Florida's Long Arm Statute for the exercise of personal jurisdiction over Defendant for the claims asserted [ECF No. 33]. The

---

[1] The following facts are drawn from the Second Amended Complaint [ECF No. 34] and are accepted as true for purposes of this Order.

2

Court granted Plaintiff "one final opportunity" to plead its claims in accordance with the Court's Order dismissing on personal jurisdiction grounds [ECF No. 33 p. 12].

Now, in the operative Second Amended Complaint (the "Complaint"), Plaintiff brings three claims against Defendant:

- Count I: Violation of Fla. Stat. § 627.64194 (Coverage requirements for services provided by nonparticipating providers; payment collection limitations)
- Count II: Breach of Contract
- Count III: Unjust Enrichment

[ECF No. 34].  Defendant once again moves for dismissal, arguing that Plaintiff cannot establish personal jurisdiction, but that in any case, the Complaint fails to state a claim [ECF No. 35].  As noted above, the Motion was referred to Magistrate Judge McCabe for a report and recommendation [ECF No. 38].  Judge McCabe's Report finds that the current record is "nearly identical" to the record on which this Court dismissed the Amended Complaint and recommends that the Second Amended Complaint be dismissed without prejudice for lack of personal jurisdiction [ECF No. 41].  The Report also recommends that no further repleading be permitted in this case, without prejudice to Plaintiff refiling in a venue where personal jurisdiction can be established [ECF No. 41].  Plaintiff has filed its objections to the Report, and the Report is ripe for adjudication [ECF Nos. 42, 43].

## LEGAL STANDARDS

### I. Challenging a Magistrate's Report

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews

3

de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## II.     Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Generally, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). But if "a defendant challenges personal jurisdiction in a Rule 12(b)(2) motion to dismiss," Federal Rule of Civil Procedure 12(i) affords the district court "discretion on how to proceed." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). The court can travel down two paths: (1) hold an evidentiary hearing before trial to make factual findings about personal jurisdiction under a preponderance of the evidence standard or (2) decide the motion to dismiss under a prima facie standard. *Id*. at 1364–65; Fed. R. Civ. P. 12(i). *See generally N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025) (describing available procedures to evaluate challenges to personal jurisdiction). "[E]ven if the district court does not hold an evidentiary hearing, the defendant challenging jurisdiction may submit 'affidavit evidence in support of its position' at the pleading stage." *Id.* (quoting *Mazer*, 556 F.3d at 1274). And in that case, "the burden traditionally shifts

4

Case 9:23-cv-81485-AMC Document 44 Entered on FLSD Docket 04/25/2025 Page 5 of 10

CASE NO. 23-81485-CIV-CANNON/McCabe

back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). If the district court applies a prima facie standard and elects not to hold an evidentiary hearing under Rule 12(i), the district court must construe all reasonable factual inferences in favor of the plaintiff to the extent "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.* 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *Meier*, 288 F.3d at 1269).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Mazer*, 556 F.3d at 1274. Florida's long-arm statute provides for both specific and general jurisdiction. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015). "[F]irst, section 48.193(1)(a) lists acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida." *Id*. "[S]econd, section 48.193(2) provides that Florida courts may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Id*. (quoting Fla. Stat. § 48.193(2)). Specific jurisdiction exists when "the alleged activities or actions of the defendant are directly connected to the forum state"; general jurisdiction exists when "the defendant's connection with the forum state is so substantial that no specific or enumerated relationship between the alleged wrongful actions and the state is necessary." *Wiegering v. Blue Cross & Blue Shield of Massachusetts, Inc.*, No. 16-23031-CIV, 2017 WL 1294907, at *4 (S.D. Fla. Feb. 2, 2017) (quoting *Marina Dodge, Inc. v. Quinn*, 134 So.

3d 1103, 1106 (Fla. Dist. Ct. App. 2014) (citations omitted)). "Because the construction and application of the Florida Long–Arm statute is a question of Florida law, [federal courts] are required to construe the Long–Arm provisions as would the Florida Supreme Court." *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1166–1167 (11th Cir. 2005).

Upon finding a statutory basis for the exercise of personal jurisdiction, a district court next must "determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Madara*, 916 F.2d, at 1514 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**DISCUSSION**

The Report finds that the current record is "nearly identical" to the record on which this Court dismissed the Amended Complaint and recommends that the Second Amended Complaint be dismissed without prejudice for lack of personal jurisdiction [ECF No. 41]. The Report deems an evidentiary hearing unnecessary and analyzes the issue of personal jurisdiction under a prima facie standard [ECF No. 41 p. 3]. *See AcryliCon USA, LLC*, 985 F.3d at 1364. Applying that standard, the Report proceeds in three steps—it determines that (1) Plaintiff makes a prima facie case for the exercise of both specific and general jurisdiction over defendant; (2) Defendant's affidavits and other evidence successfully rebut Plaintiff's allegations of personal jurisdiction; and (3) Plaintiff failed to produce any counterevidence supporting jurisdiction [ECF No. 41]. Accordingly, the Report concludes that the Court lacks personal jurisdiction over Defendant, thus mandating dismissal [ECF No. 41].

Plaintiff's objections to the Report are reproduced below in their entirety.

- [I]t is clear based upon the evidence provided through the pleadings filed to date that the Defendant has had multiple contacts with the State of Florida through thousands of claims

    handled and thus, personal jurisdiction has been established. Plaintiff would assert that it is of no consequence that the percentage of business performed in the state is small compared to the percentages of business that the Defendant handles in other states. The fact is that the Defendant still engages in a substantial amount of business in the State of Florida. As such, Defendant has handled and continues to handle thousands of insurance claims regarding its members. As a result, personal jurisdiction has been established.

- Plaintiff further reasserts the other arguments also set forth in its Responses [D.E. 27 and D.E. 36] filed in relation to Defendant's various Motions to Dismiss.

[ECF No. 42].

As a threshold matter, Plaintiff's objections are improper as they fail to "specifically identify" the portions of the Report to which objection is made and the "specific basis" for objection. *Heath*, 863 F.2d at 822; Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections"); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212 at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R.") (citations omitted).

Substantively, Plaintiff's objections are unconvincing. Plaintiff insists that the Court has personal jurisdiction over Defendant because, according to Plaintiff, Defendant "engages in a substantial amount of business in the State of Florida" by handling "thousands of insurance claims regarding its members" [ECF No. 42]. Though not cited specifically, this objection appears to be in service of Plaintiff's position that the Court can exercise personal jurisdiction over Defendant under the general jurisdiction provision of Florida's long-arm statute, Fla. Stat. § 48.193(2), and/or the specific jurisdiction, general-business prong of Florida's Long-Arm Statute, Fla Stat. § 48.193(1)(a)(1). But Plaintiff's assertion that personal jurisdiction is proper because Defendant services thousands of claims for Florida clients is a point that has already been addressed—and

7

rejected—by this Court upon granting Defendant's prior motion to dismiss [ECF No. 33]. And as the Report correctly observes, the Court's prior Order was based on a nearly identical record [ECF Nos. 33, 41]. The Court need not repeat that analysis and instead incorporates that discussion for purposes of this Order [ECF No. 33 pp. 5–7, 11–12].

Regarding general jurisdiction, the Court again concludes that Plaintiff has not come close to showing that this matter presents the "exceptional case" where Defendant—a Rhode Island corporation headquartered in Rhode Island with Florida-based claims making up less than two percent of its overall volume—has operations in Florida that are "so substantial and of such a nature as to render" Defendant "at home" in Florida. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014); [ECF No. 35 pp. 116. 125].

And as for specific jurisdiction under the general-business prong of Florida's Long-Arm Statute, the Court again concludes that Plaintiff has failed to make a sufficient showing to support personal jurisdiction under that Section. Fla Stat. § 48.193(1)(a)(1). "[T]o establish that a defendant 'is carrying on a business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P.*, 421 F.3d at 1168 (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (explaining that courts consider factors such as the presence and operation of a Florida office, a license to do business in Florida, the number of clients served in Florida and the percentage of revenue derived from Florida clients)). Here, BCBSRI's domicile is Rhode Island; its statutory home office is in Rhode Island; its main administrative office is located in Rhode Island; it is not registered with the Florida Office of Insurance Regulation; and while it services Florida clients, the percentage of Florida-based claims is very small (less than 2% annually) compared with its overall volume

[ECF No. 35 pp. 116, 118–20, 124–29]. Finally, as for Plaintiff's assertion that "it is of no consequence that the percentage of business performed in the state is small compared to the percentages of business that the Defendant handles in other states" [ECF No. —that position is inconsistent with Florida law. *Horizon Aggressive Growth, L.P.*, 421 F.3d at 1167 (explaining that "the percentage of overall revenue gleaned from Florida clients" is a relevant factor for determining whether defendant is "carrying on business" for purposes of Section 48.193(1)(a)(1) and declining to exercise jurisdiction under that prong where defendant's Florida clients accounted for less than 5% of its gross revenue); *see also Milberg Factors, Inc. v. Greenbaum*, 585 So.2d 1089, 1091 (Fla. Dist. Ct. App. 1991) (declining to exercise jurisdiction under the conducting business prong where the defendant's Florida-based revenue amounted to less than 2% of its total revenue).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 41] is **ACCEPTED** in accordance with this Order.[2]

2. Defendant's Motion to Dismiss [ECF No. 35] is **GRANTED**.

3. Plaintiff's Second Amended Complaint [ECF No. 34] is **DISMISSED WITHOUT**

---

[2] To the extent the Report concludes that Plaintiff has made a prima facie showing of personal jurisdiction within the meaning of the breach of contract provision of the long-arm statute [ECF No. 41 pp. 4 –5], Fla. Stat. § 48.193(1)(a)(7), the Court respectfully disagrees. While Plaintiff alleges that Defendant breached its insurance policy with Patient, the Second Amended Complaint does not allege what acts were required by the contract to be performed in the state or how Defendant failed to perform those acts. Fla. Stat. § 48.193(1)(a)(7) (permitting exercise of specific personal jurisdiction where plaintiff "breach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state"). Because the Report ultimately concludes, however, that Defendant successfully rebutted the purported prima facie showing, the Court still agrees with the Report's conclusion that Fla. Stat. § 48.193(1)(a)(7) does not provide a basis for the exercise of personal jurisdiction over Defendant.

**PREJUDICE**. No further repleading in this action is permitted, although this Order is without prejudice to refiling this action in an appropriate venue as permitted by law [ECF No. 41 p. 9].

4. The Clerk shall **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of April 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record